JOHN C. CRUDEN
Assistant Attorney General
PAUL D. BARKER, JR.
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
(202)-305-0434
Paul.Barker@usdoj.gov
RICKEY D. TURNER, JR.
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1373
Rickey.Turner@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKCOUNTRY AGAINST DUMPS, and DONNA TISDALE,<br>　　　　Plaintiffs,<br>　　v.<br>DR. ERNEST MONIZ, et al.,<br>　　　　Federal Defendants and<br>ENERGIA SIERRA JUAREZ U.S. TRANSMISSION, LLC,<br>　　　　Defendant-Intervenor. | Case No.: 3:12-CV-03062-L-BGS<br><br>FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE SECTIONS III AND IV OF PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 96)<br><br>Date: January 11, 2016<br>Time: N/A<br>Courtroom: N/A<br>Judge: Hon. M. James Lorenz |

Federal Defendants, by their undersigned counsel, move to strike Sections III and IV in Plaintiffs' Memorandum in Response to Defendants' Motion for Reconsideration ("Pls.' Mem."), ECF No. 96, related to the Court's Order Re: Cross Motions for Summary Judgment, ECF No. 87, because those Sections raise merits arguments and go well beyond the scope of the Court's November 10, 2015, Briefing Order, ECF No. 93 ("November 10 Order").

On November 10, 2015, after reviewing Federal Defendants' Motion for Reconsideration, ECF No. 90, Defendant-Intervenor's Notice of Joinder, ECF No. 92, and Plaintiffs' Motion for Clarification ("Pls. Mot."), ECF No. 91, the Court ordered the parties "to file a response to the opposing motion, not to exceed 10 pages, on or before November 18, 2015." November 10 Order 2.

Federal Defendants' Motion for Reconsideration ("Fed. Defs.' Mot.") had asked the Court to reconsider its ruling denying Federal Defendants' Motion for Summary Judgment on Plaintiffs' claim that the Final Environmental Impact Statement ("FEIS") for the Department of Energy's Presidential Permit for the Energia Sierra Juarez ("ESJ") transmission line crossing the border from the United States into Mexico in San Diego County was deficient under the National Environmental Policy Act ("NEPA") because it did not analyze environmental impacts in Mexico of the ESJ transmission line. *See* September 29 Order 16; Fed. Defs.' Mot. 7-10. Federal Defendants asked the Court to grant summary judgment to Federal Defendants on this outstanding issue because, as in all cases under the

2

Administrative Procedure Act, the Plaintiffs bear the burden to prove their claims and not the other way around.  Here, the Plaintiffs had the burden of proof to demonstrate in their summary judgment motion and briefs that the FEIS was arbitrary and capricious, and the Court had already found that they failed to carry their burden.  Fed. Defs.' Mot. 7-10.  The narrow issue raised by Federal Defendants' Motion for Reconsideration was whether the Court had erred in denying Federal Defendants' summary judgment motion on this issue in light of the Court's finding that Plaintiffs had not carried their burden of proof.  *Id.*

Plaintiffs' Motion for Clarification sought the Court's permission for further summary judgment briefing on the merits of the adequacy of the FEIS regarding impacts in Mexico from the ESJ transmission line and proposed a briefing schedule for that purpose.  Pls. Mot. 5-6.

In their opposition to Federal Defendants' Motion for Reconsideration, Plaintiffs did not wait for the Court to rule on their request for further summary judgment briefing on the merits of the adequacy of the FEIS concerning impacts in Mexico of the ESJ transmission line.  Instead, they used Section III of their opposition memorandum to argue the merits of this very issue.  Pls.' Mem. 3-7.  Section IV of Plaintiffs' memorandum goes even further and urges the Court to reconsider its ruling with respect to whether the FEIS should have analyzed the impacts in Mexico of the ESJ Mexican Wind Farm.   Pls.' Mem. 7-10.  Federal Defendants' Motion for Reconsideration did not address this ruling at all.  Thus,

Sections III and IV of Plaintiffs' opposition memorandum go far beyond responding to Federal Defendants' Motion for Reconsideration.  Contrary to Plaintiffs' assertion, the Court did not invite the parties to submit further briefing on the merits of the adequacy of the FEIS concerning impacts in Mexico from the ESJ transmission line.  *See* Pls.' Mem. 3.  Instead, it invited the parties to respond solely to the arguments set forth in the opposing party's motion.

Sections III and IV of Plaintiffs' opposition memorandum, therefore, are objectionable and should be stricken because they go beyond the scope of the Court's November 10, 2015, Order, ECF No. 93, and beyond the scope of Federal Defendants' Motion for Reconsideration to which they purportedly respond.  *See* Fed. Defs.' Mot.  In addition, Section III should be stricken because it is not consistent with the schedule for further summary judgment briefing Plaintiffs proposed in their Motion for Clarification.  *See* Pls.' Mot. 6.  Moreover, Section IV of Plaintiffs' brief should be stricken because it amounts to an out-of-time request for reconsideration of the Court's ruling concerning impacts of the ESJ Wind Farm – filed well beyond the 28 day period when such motions for reconsideration are permitted under the Local Rules.[1]  *See Local Rule 7(i)(2); see also* Fed. R. Civ. P.

---

[1] The Court's Order re: Cross Motions for Summary Judgment was issued September 29 and Plaintiffs' Memorandum in Response to Federal Defendants' Motion for Reconsideration was filed November 18, 50 days later.  Not only is Plaintiffs' motion for reconsideration filed out of time, it is also improper for Plaintiffs to move for reconsideration in an opposition brief when the Federal Defendants' motion to which Plaintiffs were responding raised no claim of error

4

59(e). For all these reasons, Section III and IV of Plaintiffs' Memorandum in Response to Federal Defendants' Motion for Reconsideration should be stricken.

In the alternative, Federal Defendants move for leave to file an additional brief, not exceeding 10 pages to be due 14 days from the date the Court grants leave for the additional brief, to respond to the arguments contained in Sections III and IV of Plaintiffs' Memorandum.

DATED: November 24, 2015        Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General

By:  /s/*Paul D. Barker, Jr.*
PAUL D. BARKER, JR.
Senior Attorney, D.C. Bar #434990
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Paul.Barker@usdoj.gov
(202) 305-0434
RICKEY D. TURNER, JR.
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1373
Rickey.Turner@usdoj.gov

*Attorneys for Defendants*

---

with respect to the Court's ruling on the issue of the ESJ Wind Farm.  Finally, Plaintiffs' memorandum failed to include a Local Rule 7.1(i) certification as required under the Local Rules for all motions for reconsideration.